RECEIVED
IN ALEXANDRIA, LA.

NOV − 5 2013

TONY R. MOORE, CLERK

DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MARQUIS M. SCOTT

VERSUS

RAPIDES PARISH DETENTION
CENTER I, et al.

DOCKET NO. 13-883; SEC. P

JUDGE DRELL

MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff Marquis M. Scott filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 29, 2013. Plaintiff is incarcerated at the Rapides Parish Detention Center in Alexandria, Louisiana. He complains that he was denied adequate medical care with regard to nerve problems in his left hand.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

In the instant case, Plaintiff complains about medical treatment with regard to "nerve problems" in his left hand. [Doc. #1, p.3] He states that he asked to go to the hospital on July 1, 2013, and he was told that he would be scheduled for an appointment at LSU – Shreveport. [Doc. #1, 8] He states that he was given some medication that did not help and made things worse. [Doc. #1, p.3] Plaintiff alleges that he "wrote them about [his] medical problem on March 22, 2013 through July 31, 2013." [Doc. #8] Plaintiff alleges that he filled out a sick call form on August 7,

2013, but nobody called him due to an inmate throwing the request away.  He also alleges that he was taken to Huey P. Long for his left arm and low blood sugar, but he did not specify the date in either his original or amending complaints.  [Doc. #1, p.3]

Plaintiff asks for monetary damages for stress and the resulting trouble with his health and also to have his "name cleared." [Doc. #1, p.4]

### *Law and Analysis*

Plaintiff has not alleged how each defendant acted with deliberate indifference to a serious medical need.  To find that an official is deliberately indifferent, it must be proven that the official knows of and disregards an excessive risk to inmate health or safety.  See Cantu v. Jones, 293 F.3d 839, 844 (5th Cir.2002), citing Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Plaintiff states that he wrote to various officers regarding his health.  He alleges that when he submitted a sick call in August, the sick call was thrown in the trash by another inmate.  He specifically provides that the officials were unaware of him even making the sick call. [Doc. #8]  Plaintiff also states that he was taken to Huey P. Long hospital for medical treatment for his hand and low blood sugar.  Such allegations do not set forth a claim for deliberate indifference.  Moreover, Plaintiff has not identified a serious risk to his health or safety from a denial of medical care.

Even if Plaintiff could state a claim for deliberate indifference to his health, his suit would be subject to dismissal. Plaintiff seeks damages for stress and its effects on his general health. Under Title 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit, in interpreting this provision, has held that the phrase "physical injury" in §1997e(e) means an injury that is more than de minimis, but need not be significant. <u>Alexander v. Tippah County, Miss.</u>, 351 F.3d 626 (5th Cir. 2003); <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff has not alleged that he suffered a physical injury that is more than *de minimis*. <u>See</u> <u>id.</u> (vomiting and nausea was a de minimis injury insufficient for recovery under § 1997e(e)). Because he seeks damages for emotional injury, his claim should be dismissed.

Finally, Plaintiff asks that his name be "cleared." To the extent that Plaintiff asks to have any conviction overturned, such relief is not available by way of a civil rights action. An inmate must file a petition for writ of habeas corpus in order to seek a release from custody.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28

U.S.C. §1915(e)(2)(B).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 5th day of November, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE